UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA GONZALEZ MUNOZ,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00470-KES-CDB<br><br>ORDER DENYING STIPULATED REQUEST TO AMEND SCHEDULING ORDER<br><br>(Doc. 19) |

**Relevant Background**

Plaintiff Melissa Gonzalez Munoz ("Plaintiff") initiated this action with the filing of a complaint on February 20, 2024, in Kern County Superior Court. (Doc. 1). Defendant Costco Wholesale Corporation ("Defendant") removed the action to this Court on April 19, 2024. *Id.* On July 17, 2024, following receipt of the parties' joint scheduling report and convening for scheduling conference, the Court entered the operative scheduling order setting forth discovery and case management dates and deadlines. (Doc. 12). The undersigned admonished that the case management dates "are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." *Id.* at 7 (emphasis in original).

On February 5, 2025, based on the information contained in the parties' untimely joint status report (Doc. 14) filed in response to the Court's order to show cause (Doc. 13), the Court vacated the mid-discovery status conference and reminded the parties of "their obligation to

diligently pursue and timely complete discovery within the scheduled case management dates." (Doc. 15).

Pursuant to the scheduling order, nonexpert discovery closed on March 21, 2025, and expert discovery closed on June 2, 2025. (Doc. 12). After neither party filed a dispositive motion following the close of discovery and the deadline to do so passed, on August 22, 2025, the Court ordered the parties to meet and confer and file a joint report no later than September 2, 2025, addressing issues pertaining to a possible settlement conference. (Doc. 17). On September 3, 2025, after the parties failed to comply with the Court's order and timely file a joint report, the Court ordered the parties to show cause in writing why sanctions should not be imposed. (Doc. 18).

Although their deadline to respond has not run, the parties have not filed any response to the Court's show cause order.

**Stipulated Request to Reset Case Management Dates and Deadlines**

Pending before the Court is the parties' joint stipulated request to reset case management dates and deadlines, filed on September 3, 2025. (Doc. 19). The parties assert good cause exists to reset the operative case management dates, deadlines, and trial date, as they "have been diligently pursuing timely discovery in this matter" and "despite the parties' diligence in competing discovery, depositions remain to be conducted, including the deposition of Plaintiff's husband, which had to be rescheduled from September 2025 to October 2025 due to scheduling conflicts." *Id.* ¶¶ 1, 8. The parties further represent they have agreed on a mediator with anticipated dates for mediation in late December 2025 or early January 2026. *Id.* ¶ 8.

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

2

disregarded by counsel without peril." *Id*. (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Moreover, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d).  Instead, this Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." *Id.* (emphasis added).

**Discussion**

The parties fail to demonstrate diligence and good cause sufficient to warrant reopening of discovery and the resetting of all case management dates and deadlines previously set in this action. Though the parties represent generally that additional time is needed to facilitate discovery, and have expressed an interest in exploring mediation, no showing is made why a reset of all deadlines is appropriate here, particularly in light of the parties' untimely request only after discovery and the deadline to file pretrial motions had expired.  To begin with, the parties filed their stipulated request to continue all discovery, case management, pretrial and trial dates and deadlines nearly *six months* after the deadline to complete nonexpert discovery already had expired.  *See* (Doc. 12 at 3) ("The parties are ordered to complete all discovery pertaining to non-experts on or before

**March 21, 2025**[.]") (emphasis in original).  Such conduct reflects the antithesis of diligence. *See Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under L.R. 144).

Moreover, the parties' conclusory proffer of purported good cause in support of their request to reset case management dates is deficient as it is unsupported by any attorney declaration or otherwise any explanation of the significant delay in timely completing discovery or why the parties were unable to timely request an extension of discovery dates and deadlines.  By way of example, the parties offer no explanation as to why "depositions remain to be conducted," to include the rescheduling of a deposition of Plaintiff's husband "from September 2025 to October 2025"—several months after fact discovery had already closed.  Without any explanation, it unquestionably was "apparent" to counsel long before the parties filed their instant request to amend the scheduling order that an amendment of the case management schedule was "necessary." *See* E.D. Cal. Local Rule 144(d).

In short, the Court cannot conclude that the parties have been diligent or that there is good cause to warrant granting the parties' stipulated request to reset case management dates.  Discovery is closed.  The deadline to file dispositive motions has expired.  The pre-trial conference remains set for January 12, 2026.  Should the parties seek to continue the pretrial conference and trial date to accommodate mediation in December 2025 or January 2026 (*see* Doc. 19 ¶ 8), they may file a stipulated request setting forth good cause for any such requested continuance.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that the parties' stipulated request to amend the scheduling order (Doc. 19) is DENIED.

IT IS SO ORDERED.

Dated:    **September 4, 2025**                    _____
                                                    UNITED STATES MAGISTRATE JUDGE